IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUAN A MUNOZ, | CASE NO. 4:23-cv-425 |
| Plaintiff, | DISTRICT JUDGE |
| | CHARLES ESQUE FLEMING |
| vs. | |
| | MAGISTRATE JUDGE |
| WARDEN GARZA, | JAMES E. GRIMES JR. |
| Defendant. | **REPORT &** |
| | **RECOMMENDATION** |

In March 2023, pro se Petitioner Juan A Munoz filed a Petition for a Writ of Habeas Corpus under 28 USC § 2241. Doc. 1. Munoz was in United States custody at the Federal Correctional Institution in Elkton, Ohio, under a 2017 conviction in a Tennessee federal court. Doc. 1, at 1. Munoz alleges that the Bureau of Prisons refused to his apply 365 days of good time credits[1] under the theory that Munoz was ineligible for that credit because Immigration and Customs Enforcement (ICE) issued a detainer against him. *Id*. at 2, 7; Doc. 1-1. Munoz asks the Court to "modify [his] sentence to time served" and "instruct the [Federal Bureau of Prisons] to immediately release him if 'ICE' does not get him within 48 hours." Doc. 1, at 8.

---

[1] "Good time credit" is credit an inmate can earn to reduce his or her sentence by "display[ing] exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b).

The United States filed a Motion to Dismiss. Doc. 6. The government submits that in June 2023, the Federal Bureau of Prisons released Munoz, so he is no longer in custody and his petition is moot. Doc. 6, at 2–3. The government attached an affidavit of Robert Jensen, a Senior Consolidated Legal Center Attorney for the United States Department of Justice, Federal Bureau of Prisons. Doc. 6-2, at 1, ¶1. Jensen states that the Bureau of Prisons applied Munoz's good time and First Step Act credit and released him on June 14, 2023. *Id.*, at 1–2, ¶3. Munoz did not file a response and the time to do so has passed.

Article III of the United States Constitution limits federal court jurisdiction to actual cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under this "case or controversy" requirement, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. Mc Cormack*, 395 U.S. 486, 496 (1969); *see also Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Brock*, 256 F. App'x at 750 (citing *Berger v. Cuyahoga County Bar Assoc.*, 983 F.2d 718, 724 (6th Cir. 1993)).

There are narrow exceptions to this general rule—petitioners can show that they will suffer *collateral consequences* or that the issues they raise are "capable of repetition, yet evading review." *Lane v. Williams*, 455 U.S. 624, 632–33 (1982). Collateral consequences are "some concrete and continuing injury" that can be remedied by granting the habeas petition. *Spencer*, 523 U.S. at 7–8. A case is *capable of repetition, yet evading review*, when a petitioner shows that "the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and [] … there is a reasonable expectation or a demonstrated probability that the controversy will recur." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (citing *Honig v. Doe*, 484 U.S. 305, 318–19 n.6 (1988)).

Here, Munoz does not dispute that the Bureau of Prisons applied his good time credit and released him. Munoz thus hasn't shown that his past injury can be redressed by this Court. Munoz hasn't show how he would suffer collateral consequences, or that it is probable that the controversy will recur. So Munoz's case is moot, and this Court lacks subject matter jurisdiction over it. *Spencer*, 523 U.S. at 7.

I recommend that the Court dismiss Munoz's Petition as moot and dismiss his case.

Dated: August 15, 2023

 */s/ James E. Grimes Jr.*
 James E. Grimes Jr.
 U.S. Magistrate Judge

3

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).